OPINION
Defendants-appellants, Walter L. Brown (Walter) and his alleged wife, Kathy I. Brown (Kathy), appeal from the decision of the Carroll County Court of Common Pleas awarding defendants-appellees, the Carroll County Child Support Enforcement Agency (CSEA), Patsy Barber (Patsy), the Carroll County Department of Job Family Services (CCDJFS), and the Ohio Department of Job Family Services (ODJFS), child support arrearages in the amount of $24,697.77.
The facts surrounding this appeal began back on December 14, 1963 when Walter filed a petition for divorce from Patsy. Walter and Patsy had three children as issue of their marriage. The court granted Patsy custody of the children and ordered Walter to pay child support in the amount of $35.35 per week beginning December 20, 1963. The parties divorced on October 23, 1964. The child support order remained in effect and unmodified until the youngest child was emancipated in 1981 or 1982. It is alleged that the last child support payment Walter made was on October 11, 1965.
Sometime in 1984, Patsy filed a motion for the CSEA to forward to her any support payments made by Walter instead of to the CCDJFS. On December 3, 1984, following a hearing, the trial court journalized an order to the CSEA to forward all future support payments to Patsy, less $9,712.50 owed to the CCDJFS. Following a hearing, the trial court entered a judgment on April 3, 2000 confirming that Walter owed arrearages totaling $26,016.13. The record does not establish that Walter was served with notice of either of these proceedings. On August 9, 2000, the director of the CSEA filed a motion to reduce the arrearages to judgment. The court set the matter for hearing and notice was sent to Walter by regular mail.
At the August 24, 2000 hearing, the CSEA's director appeared on the CSEA's and Patsy's behalf. Walter did not appear, however, counsel appeared on his behalf. Neither party presented evidence on the arrearages. Based on the two previous judgment entries, the court reduced Walter's arrearages to judgment in its August 25, 2000 judgment entry. Appellant appealed from this judgment and this court addressed his appeal in In re The Bureau of Support v. Brown (Nov. 6, 2001), Carroll App. No. 00 AP 742, unreported.
It appears from the record that after the court entered its August 25, 2000 judgment, the CSEA served an order to Edward D. Jones Co. (Edward Jones) to restrict access on an IRA account Walter had with the company. On October 4, 2000, Edward Jones filed an interpleader action against CSEA, Walter, Kathy and Patsy. It later added the ODJFS and the CCDJFS as parties. Edward Jones stated that the CSEA had a determination that Walter's account was to be access restricted for the amount of $26,023.81. It asked that the court allow it to place the funds in escrow and then dismiss it from the case.
On February 27, 2001, the trial court filed an agreed order for Edward Jones to release the $26,023.81 to the court, which the court placed in escrow. The court subsequently dismissed Edward Jones from this case.
The case proceeded to a bench trial on May 15, 2001 on the interpleader complaint that demanded that the parties set forth all claims to the money that was in escrow. The court found that Walter's total arrearage was $24,697.77, including poundage. The court ordered that $14,501.00 be paid to Patsy, $9,712.50 be paid the ODJFS for reimbursement, and $484.27 be paid to the CSEA for processing fees. It is from this judgment that appellants filed their timely appeal.
Appellants assert two assignments of error, the first of which states:
 "THE TRIAL COURT ERRED IN GRANTING DISTRIBUTION OF APPELLANT WALTER BROWN'S RETIREMENT FUNDS TO APPELLEES WHERE THE JUDGMENT ENTRIES UPON WHICH IT RELIED WERE VOID AS A MATTER OF LAW FOR LACK OF JURISDICTION, AS THE BUREAU OF SUPPORT AND PATSY BARBER WERE REPRESENTED IN PRIOR PROCEEDINGS BY A PERSON NOT AUTHORIZED OR LICENSED TO PRACTICE LAW IN THE STATE OF OHIO, AND WHERE ALL SUCH JUDGMENTS WERE RENDERED IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS TO NOTICE AND AN OPPORTUNITY TO BE HEARD."
Appellants assert that the director of the CSEA engaged in the unauthorized practice of law when it filed motions on behalf of the CSEA and Patsy. Thus, they argue that the trial court's judgment is void since the court was without jurisdiction to hear the case. Appellants also argue that Walter was not provided with proper notice of the judgments assessing arrearages against him.[1] Therefore, appellants argue that these judgments are void ab initio and cannot serve as the basis of an award of Walter's retirement funds to appellees.
As stated previously, this court dealt with these parties in the case of In re The Bureau of Support, supra. In that case, Walter raised the identical issues that he now raises in assignment of error number one. We held that although the trial court may have improperly exercised its jurisdiction due to the unauthorized practice of law by the CSEA director, Walter failed to raise this improper exercise of jurisdiction to the trial court; therefore, the issue is not within this court's jurisdiction. Id. Accordingly, this issue is barred by the doctrine ofres judicata.
We also held that both the April 3, 2000 and the August 25, 2000 judgments were void ab initio and remanded the case to the trial court for further proceedings. Accordingly, since the judgments against Walter ordering him to pay the arrearages are void, the distribution of Walter's funds as ordered in the May 16, 2001 judgment is also void.
Appellants' second assignment of error states:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT MRS. BROWN HAD NO INTEREST IN OR RIGHT TO DISTRIBUTION OF HER HUSBAND'S RETIREMENT FUNDS."
Appellants argue the trial court erred in finding that Kathy did not have an interest in Walter's retirement account. They assert that they presented evidence at trial of their marriage and its duration. Thus, appellants claim they proved that Kathy has an interest in Walter's retirement account because the account is either "community property" or "marital property" depending on whether Texas or Ohio law is applied. Since, Kathy has an interest in the account, appellants argue that the trial court could not use the money from Walter's retirement account to satisfy arrearages owed by Walter alone.
We need not reach the merits of appellants' second assignment of error. Based on our judgment in In re The Bureau of Support, supra, this case must be remanded for further proceedings.
For the reasons stated above, the decision of the trial court is hereby reversed and remanded.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] The judgments appellants appear to be referring to are those of December 3, 1984, April 3, 2000, and August 25, 2000. They do not specify in their brief the dates of the judgments assessing arrearages against Walter. However, they refer to the August 25, 2000 judgment as the "final judgment." (Appellant's Brief p. 7).